UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLAUDE VINE, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 06-10519 |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL. | * | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 4). For the following reasons, the Plaintiffs' motion is now GRANTED IN PART.

**I.  BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiffs' property located at 4758 Perelli Drive in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are State Farm Fire and Casualty Company ("State Farm"), the Plaintiffs' homeowners' and flood insurance carrier, and Sue Cambre, a State Farm insurance agent.[1]

In October of 2006, the Plaintiffs filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiffs allege that they are entitled to payment from State Farm for damages and losses to the property, in addition to bad-faith penalties under Louisiana law. The Plaintiffs also allege that Cambre made various misrepresentations and failed to advise them of available coverage limits and failed to procure adequate insurance.

---

[1] Although the Plaintiffs' flood policy was issued pursuant to the National Flood Insurance Program, the limits of this policy have been paid.

1

The Defendants removed this case to federal court on November 21, 2006, contending that this Court has jurisdiction under any of the following provisions: (1) federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 4072; (2) commerce clause jurisdiction under 28 U.S.C. § 1337; (3) the Federal Officer Removal Statute, 28 U.S.C. § 1442; or (4) diversity jurisdiction under 28 U.S.C. § 1332, because Cambre is improperly joined and the amount in controversy exceeds $75,000. On December 21, 2006, the Plaintiffs filed the instant motion to remand.

## II.    LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Although the Defendants initially asserted various grounds for removal, they only oppose the Plaintiffs' motion to remand on a singular ground, namely that diversity jurisdiction exists. State Farm contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiffs and the properly joined Defendant, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Specifically, State Farm asserts that diversity jurisdiction exists because Cambre, the

non-diverse defendant, was improperly joined, and, therefore, that the Court must disregard the citizenship of this defendant. "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

    State Farm asserts that the Plaintiffs' claims against Cambre are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes a three-year peremptive period for actions against insurance agents. Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, the claim must be dismissed. Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, the claim must be dismissed. State Farm argues that the three-year peremptive period commenced when the Plaintiffs purchased their policies in 1989. However, without further factual development, the Court cannot conclude that the Plaintiffs have no possibility of recovery against the in-state defendant in this case. *See, e.g., Maco Serv., Inc. v. Allstate Ins. Co.*, No. 06-8117, 2006 WL 3905002 (E.D. La. Dec. 18, 2006); *S. Athletic Club,*

*LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006). Accordingly, the Court finds that Cambre was not improperly joined and, thus, that diversity jurisdiction does not exist in this case. *See, e.g., Alfonso v. State Farm Ins. Co.*, No. 06-6691, 2007 WL 119463 (E.D. La. Jan. 10, 2007).

### III.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is GRANTED IN PART and that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana. However, the Plaintiffs' request for attorneys' fees and costs is DENIED.

New Orleans, Louisiana, this  23rd   day of   February  , 2007.

*[signature: Eldon E. Fallon]*

UNITED STATES DISTRICT JUDGE